**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

BRANDON LEE,

                              Plaintiff,

        v.

MICHAEL GRAZIANO, Superintendent,
Greene Correctional Facility,

                              Defendant.

No. 12-CV-1018
(FJS/CFH)

_____

**APPEARANCES:**

BRANDON LEE
Plaintiff Pro Se
6 Rainbow Lane
Amityville, New York 11701

HON. ERIC T. SCHNEIDERMAN
Attorney General for the
  State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

KEVIN M. HAYDEN, ESQ.
Assistant Attorney General

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff <u>pro</u> <u>se</u> Brandon Lee ("Lee"), an inmate formerly in the custody of the New York

Department of Corrections and Community Supervision ("DOCCS"), brings this action

pursuant to 42 U.S.C. § 1983 alleging that defendant Michael Graziano ("Graziano"), the

superintendent of Greene Correctional Facility, violated his constitutional rights under the

_____

     [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Eighth Amendment. Am. Compl. (Dkt. No. 13). Presently pending is Graziano's motion to dismiss Lee's amended complaint with prejudice pursuant to Fed. R. Civ. P. 41(b), 37(d) and N.D.N.Y.L.R. 10.1(c)(2), 41.2(b). Dkt. No. 32. Graziano failed to respond to the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The specific facts of the case are set forth in the Report-Recommendation and Order filed July 9, 2013, familiarity with which is assumed. See Dkt. No. 25 (Report-Recommendation); Dkt. No. 27 (Order adopting Report-Recommendation).

On June 18, 2012, Lee commenced this § 1983 action against Graziano. Dkt. No. 1. By letter dated September 8, 2012, Lee advised the Court that he was transferred from Greene Correctional Facility to Cayuga Correctional Facility. Dkt. No. 10.

On September 25, 2012, the Court issued an order granting IFP status to Lee, stating, "[p]laintiff is also required to notify the Clerk's Office and all parties or their counsel promptly, in writing, of any change in [plaintiff's] address; his failure to do so will result in the dismissal of this action." Dkt. No. 12 at 11–12 (emphasis in original). On the same day, the Court accepted Lee's amended complaint. Dkt. No. 13.

On October 23, 2012, Graziano filed an answer. Dkt. No. 17. The Court issued a Mandatory Pretrial Discovery and Scheduling Order ("Scheduling Order") that was served on Lee by mail and granted Graziano the right to depose Lee. Dkt. No. 18. The Scheduling Order stated, "[t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Id. at 4.

2

On October 19, 2012, Lee advised the Court that he was transferred to Livingston Correctional Facility. Dkt. No. 19.

On October 26, 2012, Graziano filed a motion for judgment on the pleadings. Dkt. No. 20. Lee responded to that motion by letter dated November 5, 2012. Dkt. No. 22. On December 3, 2012, Lee was released from DOCCS's custody.[2] By letter dated December 10, 2012, Lee advised the Court that his operative address is 6 Rainbow Lane, Amityville, New York 11701. Dkt. No. 24.

On August 15, 2013, the Court denied Graziano's motion for judgment on the pleadings and ordered that Lee had thirty days from the date of the order to file a second amended complaint alleging an Americans with Disabilities Act ("ADA"). Dkt. No. 27 at 2. Lee never filed a second amended complaint alleging an ADA claim.

By Text Notice dated October 9, 2013, the Court notified all parties of a pretrial conference scheduled for October 24, 2013 and served a copy of the notice by mail to Lee at his address on file. Text Notice 10/09/2013. On October 24, 2013, Lee failed to appear at the pretrial conference. Text Minute Entry dated 10/24/2013. Lee was notified by mail of a status conference scheduled for December 9, 2013. Id.

On October 25, 2013, Graziano's counsel served mandatory discovery documents on Lee. Hayden Decl. (Dkt. No. 32-1) ¶ 17; Dkt. No. 32-2 at 1. On the same day, the Court issued an order directing that "attendance of all parties is REQUIRED at the December 9, 2013 conference." Dkt. No. 30 at 2 (emphasis in original). Lee was further advised that,

_____

[2] DOCCS's inmate lookup database indicates that Lee was released to parole on conditions on December 3, 2012. See DOCCS, INMATE POPULATION INFORMATION SEARCH, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (lasted visited Mar. 18, 2014).

"pursuant to Local Rule 41.2 for the Northern District of New York the failure to attend Court conferences will result in dismissal of the action. If this action is dismissed [Lee] will be unable to seek recovery of any of the incidents or claims set forth in the amended complaint." Id.

On November 15, 2013, Graziano's counsel served Lee with a Notice of Deposition, requiring Lee to appear at the Attorney General's Office on December 5, 2013. Hayden Decl. ¶ 19; Dkt. No. 32-3 at 1 (notice of deposition). The Notice of Deposition states, "[f]ailure to appear at the deposition will result in Defendant[] making a motion to dismiss the case." Dkt. No. 32-3 at 1. However, Lee neither appeared for the deposition nor notified defense counsel of his intent to not appear; as a result, the Attorney General 's Office incurred a $75.00 court reporter fee. Hayden Decl. ¶¶ 20–21; Dkt. Nos. 32-4 (deposition transcript noting date, time, and Lee's absence, 32-5 (invoice).

On December 9, 2013, Lee failed to appear for the scheduled status conference before the undersigned. Text Minute Entry dated 12/09/2013. On February 13, 2014, Graziano filed the present motion and served it on Lee at the address on file. Dkt. Nos. 32, 32-1 (affidavit of service).

### A. Federal Rule of Civil Procedure 41

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedures] or a court order . . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] is likely to be prejudiced by further delay . . . (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535; see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

A review of this case's procedural history shows that Lee's inactivity began after December 10, 2012, when he notified the Court that his operative address is 6 Rainbow Lane, Amityville, New York 11701. Dkt. No. 24. While Lee was able to file three Notices of Change of Address, he has failed to respond to Graziano's instant motion. Lee also failed to appear for a deposition on December 5, 2013 and two court conferences on October 24, 2013 and December 9, 2013, despite repeated warnings about the consequences of non-participation by both Graziano and the Court. Specifically, Lee was on notice that failure to comply and participate may result in the dismissal of this action. Thus, for at least the past fourteen months, Lee has not communicated with the Court nor Graziano in any manner. Further, none of the court notices sent to Lee was returned and Lee never notified the Court

5

of his inability to attend court conferences. A search of DOCCS's inmate population information database shows that Lee remains released from DOCCS's custody. See note 2 supra. Given Lee's failure to respond to Graziano's motion, appear for scheduled conferences, and take any action in this case for over fourteen months, the Court's repeated warnings concerning the dismissal of this action, and the lack of returned mail from Lee, the Court can only conclude that Lee has abandoned the prosecution of this action.

Moreover, after the numerous and unavailing attempts to communicate with Lee to proceed with discovery, to hold this action in abeyance until and upon Lee's decision to reestablish contact with the Court and defense counsel would prejudice Graziano's interest in resolving the allegations against him. Lucas, 84 F.3d at 535. There is no lesser sanction other than dismissal that would not jeopardize the Court's legitimate interest in managing a congested docket with efficiency. Id.

Accordingly, Graziano's motion on this ground should be granted and Lee's amended complaint should be dismissed with prejudice for his failure to prosecution this action.

### B. Federal Rule of Civil Procedure 37

Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where parties fail to comply with court orders or fail to attend their own depositions. FED. R. CIV. P. 37(b) & (d); N.D.N.Y.L.R. 1.1(d) ("Failure of an attorney or of a party to comply with . . . Orders of the court, or the Federal Rules of Civil . . . Procedure shall be a ground for imposition of sanctions."). Such sanctions include: (1) an order establishing facts; (2) an order precluding evidence, issues or claims; (3) an order striking a pleading; (4) staying

proceedings; (5) dismissing the action; or (6) rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(i-vi) & (d)(3).

A district court has broad discretion to impose sanctions. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). Dismissal and default are drastic remedies which should generally only be used when lesser sanctions would be inappropriate. Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). However, discovery orders are meant to be complied with; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. Id. (citations omitted). In deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of non-compliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted) (attached to this Report-Recommendation); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852–54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued[, and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . ." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

In this case, all relevant factors support dismissal of Lee's action with prejudice. First, despite the Court's repeated warnings, Lee failed to advise the Court the reason for his failure to comply with the Scheduling Order, which provided specific instructions to Lee on

7

Graziano's right to take his deposition. Further, Lee does not provide any reason for his failure to appear at court conferences when notice had been timely given. Lee does not claim that he did not understand the Scheduling Order or any relevant court orders issued by the undersigned. As such, it can only be determined that Lee's failure to comply with the Scheduling Order was willful. Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402–03 (S.D.N.Y. 1996) (citation omitted) ("Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.").

Second, sanctions other than dismissal would not be effective in compelling Lee's participation in this instance. Lee failed to appear for a scheduled deposition on December 5, 2013. Lee never responded to Graziano's instant motion to dismiss the action. Further, Lee has not established any contact with this Court for the past fourteen months, since December 10, 2012. Thus, it is fair to conclude that imposing sanctions other than dismissal would not serve any meaningful purpose. Update Art, Inc., 843 F.2d at 71.

Moreover, Lee has been warned of the consequences of failing to comply with the Court's orders. "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (citing cases). Since warning notices have been repeatedly given to Lee, dismissal of this action with prejudice may be imposed.

Accordingly, in the alternative, Graziano's motion on this ground should be granted and

Lee's amended complaint should be dismissed with prejudice.[3]

## III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Graziano's motion to dismiss (Dkt. No. 32) be **GRANTED** and Lee's amended complaint (Dkt. No. 13) be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)–(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 18, 2014
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] Because it is recommended that Graziano's motion be granted pursuant to Fed. R. Civ. P. 41(b) and 37(d) and Lee's amended complaint be dismissed with prejudice, the Court does not address arguments brought under N.D.N.Y.L.R. 10.1(c)(2) and 41.2(b).